**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MALIK HOOD | : | |
| Appellant | : | No. 3428 EDA 2016 |

Appeal from the PCRA Order September 30, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0303561-2000

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 27, 2017**

Malik Hood appeals from the September 30, 2016 order denying him PCRA relief.  We affirm.

After a jury convicted him of first-degree murder and two violations of the Uniform Firearms Act, Appellant was sentenced on November 4, 2002, to life imprisonment.  The convictions arose from the November 24, 1997 shooting death of Anthony Taylor, whose murder was generated by the fact that Appellant, as the head of a drug operation centered on North Creighton Street, Philadelphia, began to conduct his enterprise from 229 N. Creighton Street, which was owned by the boyfriend of Mr. Taylor's mother.  In November 1997, Mr. Taylor moved to 229 N. Creighton Street, and, after viewing the criminal operation, informed Appellant and his accomplices to leave and cease selling cocaine from the residence.

When they refused to vacate 229 N. Creighton Street, Mr. Taylor went to a neighbor's house to telephone the police, but one of Appellant's cohorts followed him and told Appellant that the victim had called the police. Appellant confronted Mr. Taylor as he was leaving the neighbor's home; the victim again told Appellant that he could no longer use the premises in question to sell drugs. In response, Appellant shot Mr. Taylor to death and fled, avoiding capture until January 6, 2000.

While there were numerous witnesses to these events, they refused to come forward as they feared retaliation from Appellant and the members of his drug gang. Eventually, two people agreed to testify against Appellant; in order to protect them, the Commonwealth was able to keep their identities secret. Not only did both witnesses state at trial that they saw Appellant shoot Mr. Taylor, the Commonwealth played recordings of two telephone calls made to 911 immediately after the incident. Appellant was clearly identified as Mr. Taylor's murderer during those calls.

After Appellant was found guilty and sentenced, he filed a direct appeal, wherein he claimed that the 911 calls were improperly admitted at trial, that the judge erred in issuing an order to protect the identity of the two eyewitnesses, and that the prosecutor committed misconduct. After we rejected those contentions and affirmed, our Supreme Court denied allowance of appeal on October 27, 2005. *Commonwealth v. Hood*, 872 A.2d 175 (Pa.Super. 2005), *appeal denied*, 889 A.2d 88 (Pa. 2005).

After Appellant filed a timely *pro se* petition, counsel was appointed and presented an amended petition. PCRA counsel averred that trial counsel was ineffective for not seeking a continuance after the identities of the two witnesses were revealed and for failing to present Kerper Yenglee as a witness. In the counseled PCRA petition, Appellant averred that Yenglee would have identified a man named Sharif as the shooter. The court denied PCRA relief, and, on appeal, we affirmed, **Commonwealth v. Hood**, 984 A.2d 1014 (Pa.Super. 2009) (unpublished memorandum), *appeal denied*, 997 A.2d 1175 (Pa. 2010). This Court ruled that trial counsel was not ineffective for failing to present Yenglee as a witness because Appellant failed to establish either that trial counsel knew or should have known of Yenglee or that Yenglee was willing and able to testify at trial.

On August 24, 2012, Appellant, who was not a juvenile when he murdered Mr. Taylor, filed a second PCRA petition, claiming that he was entitled to application of **Miller v. Alabama**, 132 S.Ct. 2455 (2012), wherein the United States Supreme Court held that it was unconstitutional for juvenile homicide offenders to be sentenced automatically to life imprisonment without parole. Counsel was appointed and filed an amended petition averring the existence of newly-discovered facts in the form of two witnesses, Diane Matthews and Ramses Lee. In statements attached to the amended petition, Matthews and Lee identified Sharif as Mr. Taylor's murderer. The PCRA court ruled that the August 24, 2012 petition was untimely since Appellant did not exercise due diligence in ascertaining the

- 3 -

existence of Matthews and Lee. This appeal followed, and Appellant presents this claim:

> 1. The PCRA court erred when it refused to hold a hearing because the statements of Diane Matthews and Ramses Lee created material issue of disputed Fact regarding the guilt-innocence issue and whether the Commonwealth violated **Brady** and if so whether the suppressed evidence undermines confidence in the jury's verdicts.

Appellant's brief at 4 (citation omitted).

This Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Roane**, 142 A.3d 79, 86 (Pa.Super. 2016) (quoting **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015)). It is now settled law that all PCRA petitions must be filed within one year of the date a defendant's judgment of sentence becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); **see also Commonwealth v. Spotz**, ___ A.3d ___ (Pa. CAP 731 and 734 filed October 18, 2017); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). The PCRA's time constraints are not subject to tolling or other equitable considerations. **Spotz**, **supra**. There are three exceptions to this one-year time requirement: (1) interference by government officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized

constitutional right. 42 Pa.C.S. § 9545(b)(1)(i-iii). The PCRA petitioner has the burden of pleading and proving the existence of the exception invoked. *Spotz*, *supra*.

In the present case, our Supreme Court denied allowance of appeal on October 27, 2005, and Appellant's judgment of sentence became final ninety days later, or on January 25, 2006, when the time for seeking review in the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3) (a defendant's judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review"). Appellant had until January 25, 2007, to file a timely petition; on it's face, his present 2012 petition does not meet that constraint. Herein, Appellant invokes the newly-discovered facts exception outlined in § 9545(b)(1)(ii). "To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). Due diligence "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016) (citation and quotation marks omitted).

Appellant first raises the specter of a *Brady v. Maryland*, 373 U.S. 83 (1963), claim with respect to Matthews. "Under *Brady,* the prosecution's failure to divulge exculpatory evidence is a violation of a defendant's Fourteenth Amendment due process rights. To establish a *Brady* violation, a defendant is required to demonstrate that exculpatory or impeaching evidence, favorable to the defense, was suppressed by the prosecution, to the prejudice of the defendant." *Commonwealth v. Cam Ly*, 980 A.2d 61, 75 (Pa. 2009) (citation omitted). On August 13, 1999, Matthews gave police a statement, wherein he indicated that Appellant was the shooter. Commonwealth's Motion to Dismiss, 3/9/16, at Exhibit A. Since the 1999 statement did not provide evidence that tended to exonerate Appellant and since it failed to impeach or contradict any Commonwealth witnesses, there was no *Brady* violation in connection with Matthews.

Appellant next insists that he exercised due diligence in finding the recent representations of Matthews and Lee that Appellant was not the shooter. He maintains that he had no way of knowing that Matthews and Lee observed the crime. However, Appellant knew or should have known about Matthews since Matthews gave a statement to police in 1999. As to Lee, Lee indicated that he was with Yenglee when Yenglee saw the shooting. Thus, Appellant could have discovered Lee's existence simply by asking Yenglee whether there was anyone who could corroborate Yenglee's identification of Sharif as Mr. Taylor's murderer.

As we have articulated:

Due diligence demands that the petitioner take reasonable steps to protect his own interests. **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa.Super.2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa.Super.2010), *appeal denied,* 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. *Id.* Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015).

The record herein establishes that Appellant did not plead sufficient facts to establish that he could not have learned about the exonerating evidence of Matthews and Lee earlier by simple investigation. Hence, the PCRA court did not abuse its discretion in concluding that Appellant could not invoke the newly-discovered facts exception to the one-year time bar.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/27/2017*

- 7 -